Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorneys for Plaintiff*

Additional attorneys listed on signature page.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSE GARCIA**<br><br>*Plaintiff*,<br><br>v.<br><br>**FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION**<br><br>*Defendant*. | Case No. 5:19-cv-929<br><br>COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT AND THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the California Investigative Consumer Reporting Agencies Act ("ICRAA"). Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

### PARTIES

3. Plaintiff Jesse Garcia is an adult individual residing in Ontario, CA.

4. Defendant First Advantage Background Services Corporation ("First Advantage") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. First Advantage regularly conducts business in the Central District of California and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

7. In or around September 2018, Plaintiff applied for employment with United Parcel Service of America, Inc. ("UPS") as a package loader.

8. Plaintiff interviewed for the position and was provisionally hired by UPS, contingent upon a background check.

9. UPS requested from the Defendant, and the Defendant sold to UPS a consumer report concerning the Plaintiff, on or around September 20, 2018.

10. The consumer report furnished by Defendant was for employment purposes.

11. The consumer report furnished by Defendant was inaccurate. Specifically, the inaccurate information includes, but is not limited to, two misdemeanors convictions, one felony conviction, and personal identifying information, which do not belong to Plaintiff. Plaintiff does not have any criminal record of his own.

12. Due to Defendant's faulty procedures, it produced a consumer report that mixed the Plaintiff with at least one other consumer.

13. The inaccurate information negatively reflects upon the Plaintiff and misidentifies him as a convicted felon with multiple criminal convictions.

14. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown from at least September 2018.

15. The inaccurate information includes, but is not limited to, two misdemeanor convictions, one felony conviction and personal identifying information.

16. The inaccurate information grossly disparages the Plaintiff and portrays him as a convicted felon. There is perhaps no greater error that a consumer reporting agency can make.

17. The derogatory inaccuracies appear to be caused by Defendant's failure to maintain reasonable procedures for producing its consumer reports. Any rudimentary inspection of the data would reveal the inaccuracy. Defendant obviously failed to employ such a procedure.

18. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of

the information it reported about the Plaintiff. Had Defendant followed such procedures it would have never falsely reported the criminal convictions on Plaintiff's consumer report.

19. Plaintiff was subsequently denied the position by UPS and was informed by UPS that the decision in denying his employment as a package loader was the inaccurate criminal information that appears on Plaintiff's First Advantage consumer report and that the inaccurate information was a substantial factor in the denial.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – FIRST ADVANTAGE
## VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – FIRST ADVANTAGE
## VIOLATIONS OF THE ICRAA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is an "investigative consumer reporting agency" as defined by Cal. Civ. Code § 1786.2(d).

33. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1786.2(b).

34. The above-mentioned consumer reports were "investigative consumer reports" as that term is defined by Cal. Civ. Code § 1786.2(c) and were provided to potential employers for employment purposes, as that term is defined by Cal.Civ.Code. §1786.2(f).

35. Pursuant to Cal. Civ. Code § 1786.20, Defendant is liable for violating the ICRAA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

5

COMPLAINT AND JURY DEMAND

36. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: May 17, 2019                           Respectfully Submitted,

**TATAR LAW FIRM, APC**

_____
Stephanie Tatar
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

*/s/ Alexis I. Lehmann*
Alexis I. Lehmann (*motion to appear *pro hac vice* forthcoming)
FRANCIS & MAILMAN, P.C.
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600
alehmann@consumerlawfirm.com

*Attorneys for Plaintiff*